[Crim. No. 7529.   Second Dist., Div. One.   Nov. 6, 1961.]

THE PEOPLE, Respondent, v. GLORYA LOPEZ, Appellant.

Lionel Richman, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Mario A. Roberti, Deputy Attorney General, for Respondent.

WOOD, P. J.—In a nonjury trial the defendant was convicted of unlawful possession of marijuana. She appeals from the judgment.

Appellant contends that the arrest, search and seizure were unlawful; that there was no probable cause for the arrest or search; and that the search was not an incident of a lawful arrest.

Officer Cline, a police officer of Los Angeles, testified that about March 1, 1960, he and Officer Conroy (a police officer) received information from Officer Thompson, who is an agent of the Treasury Department of the United States (Secret Service Division) that Glorya Lopez, also known as Glorya Campensano, was wanted by the "Treasury Department of the United States Secret Service" on a charge of stealing and forging checks; they (Officers Cline and Conroy) had two or three conversations with Agent Thompson by telephone, and they talked with him personally in their office; Agent Thompson did not tell them there was a warrant for the arrest of said person, and they did not ask him whether there was a warrant; the last time he (Officer Cline) and Agent Thompson discussed the Glorya Lopez matter prior to the arrest (on August 4, 1960), was three or four weeks prior to the arrest; he (witness) had information from Agent Thompson that Glorya Lopez was wanted for forged or stolen checks; as far as his office is concerned he "had her made on some checks" and "he wanted her picked up"; they (officers) acted on the information and made the arrest; that if he (witness) as a policeman receives information that a person is wanted, and if he comes across that person and has knowledge that he is wanted for a crime, he places him under arrest.

He testified further that on August 4, 1960, about 12:30

a. m., when he and Officer Conroy entered a bar on Brooklyn Avenue in Los Angeles he saw the defendant, Glorya Lopez, who was seated on a stool, and he asked her if her name was Glorya Lopez; she replied, "Yes"; he asked if she was also known as Glorya Campensano; she replied, "Yes"; he said: "You are under arrest for forgery of government checks. There is a warrant for you from the United States Secret Service"; the officers transported the defendant to the police station for further investigation; and caused her to be searched; he (witness) found, in her purse, two marijuana cigarettes, three seconal pills, and seven benzedrine tablets, which were in a piece of Kleenex or toilet paper; he asked her where she got those things; she said that a fellow by the name of Shorty came in around midnight and gave them to her; the search was made for the purpose of determining whether she was carrying contraband and whether she was in possession of any checks or equipment that might be connected with the charge of forging or stealing checks.

It was established that the cigarettes contained marijuana. The cigarettes, pills, and tablets were received in evidence subject to a motion to strike that evidence. After the defendant testified she made a motion to suppress the evidence on the ground that the officers did not have sufficient information to justify the arrest. The motion was denied.

Defendant testified that on June 24, 1960, she had been released from federal prison at Terminal Island where she had been incarcerated for violation of probation on a charge of using heroin; she was in prison under the name of Glorya Campensano; when she was arrested she was an employee (a waitress) at the café or bar where the arrest occurred, but she had finished her work for that day about 12:15 a. m. and was sitting at the bar when she was arrested; a person by the name of Shorty, whom she had known about five years, gave her a package and told her to hold it for him until he finished work; she did not know what was in the package; she did not remember telling the officers what time it was when Shorty gave the package to her.

Appellant asserts that the arresting officer did not act upon firsthand information but acted upon a hearsay statement which was a vague conclusion that he "had her made on checks"; that the conversation with Agent Thompson reveals that he desired only to question her—not to arrest her; that, in view of the officer's immediate interest in the roll of Kleenex in her purse, the alleged federal offense was a subterfuge.

A peace officer, without a warrant, may arrest a person when a felony has been committed and the officer has reasonable cause for believing that the person arrested committed it. (Pen. Code, § 836; *People* v. *Gusukuna,* 152 Cal.App.2d 135, 137 [312 P.2d 714].) ▮ "Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." (*Bompensiero* v. *Superior Court,* 44 Cal.2d 178, 183 [281 P.2d 250].) The information which was related by Agent Thompson to the arresting officer was hearsay as to the truth of the matter asserted, but the evidence as to the receipt of the information by the officer was evidence of a fact which was admissible upon the issue of probable cause. (*People* v. *Fischer,* 49 Cal.2d 442, 446 [317 P.2d 967] ; *People* v. *Carella,* 191 Cal.App.2d 115, 129-130 [12 Cal.Rptr. 446].) ▮ "Reasonable cause to justify an arrest may consist of information obtained from others and is not limited to evidence that would be admissible at the trial on the issue of guilt." (*People* v. *Gorg,* 157 Cal.App.2d 515, 519 [321 P.2d 143].) ▮ "Evidence of information from a reliable informer is sufficient to sustain a finding that an arrest, search, and seizure were made with reasonable cause." (*People* v. *Prewitt,* 52 Cal.2d 330, 337 [341 P.2d 1] ; *People* v. *Herman,* 163 Cal.App.2d 821, 825 [329 P.2d 989].) ▮ The information received by the officers was to the effect that the agent of the Secret Service Division of the Treasury Department of the United States had evidence sufficient to make a case against Glorya Lopez, also known as Glorya Campensano, for stealing and forging checks, and that the agent and the Secret Service wanted her arrested on that charge. The implied finding of the trial court that the information was reliable is supported by the evidence. The evidence was sufficient to sustain a finding that the officers acted upon such reliable information in making the arrest. As above stated, information received from a reliable informer is sufficient to sustain a finding that an arrest was made with reasonable or probable cause. The evidence herein was sufficient to support the implied finding that there was probable cause for arresting the defendant. The arrest was lawful. ▮ There was evidence that the search of defendant's purse was made for the purpose of determining whether she was in possession of checks or equipment that might be used in connection with the charge of forgery or stealing checks. ▮ "[A] search without a warrant is valid where it is incident to a lawful

arrest, if it is reasonable and made in good faith." (*People* v. *Winston*, 46 Cal.2d 151, 162 [293 P.2d 40].) ▮ The search herein was incident to a lawful arrest and was lawful. The officer was not required to overlook marijuana which came to his notice during such search. (*People* v. *Littlejohn*, 148 Cal.App.2d 786, 791-792 [307 P.2d 425] ; *People* v. *One 1958 Chevrolet*, 179 Cal.App.2d 604, 611 [4 Cal.Rptr. 128].) The search was lawful. The court did not err in receiving the marijuana cigarettes, the pills, and tablets in evidence.

The evidence was sufficient to support the judgment.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 17, 1962. Peters, J., and Dooling, J., were of the opinion that the petition should be granted.